IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HOPKINS NORTHWEST<br>FUND LLC.,<br><br>      Debtor.<br>_____ | Bk. Case No. 13-02275-JDP |
| HOLLAND & HART, LLP,<br><br>      Appellant,<br><br>vs.<br><br>OVERSIGHT COMMITTEE<br>UNDER CONFIRMED PLAN<br>OF LIQUIDATION,<br><br>      Appellee.<br>_____ | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  1:16-cv-00214-EJL (Lead Case)<br>              1:16-cv-00230-EJL (Member Case) |

Before the Court is Holland and Hart, LLP's (Law Firm) appeal regarding the attorney fees awarded by the Bankruptcy Court for the representation of debtors Hopkins Growth Fund, L.L.C. (Growth Fund) and Hopkins Northwest Fund, L.L.C. (Northwest Fund) chapter 11 bankruptcy cases. Two separate appeals were timely filed and the appeals were consolidated since the same attorney fees issue was raised in each appeal. The appeal is fully briefed and ripe for the Court's review.

MEMORANDUM DECISION AND ORDER 1

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

This appeal is a challenge to the hourly attorney and paralegal fees awarded by the Bankruptcy Court in the two chapter 11 bankruptcy cases. It is undisputed that the hours for services were not reduced by the Bankruptcy Court (except for an agreed upon 6.5 hours requested in error). Rather, the appeal focuses on the reduction of the applicable hourly rates for services. The Bankruptcy Court held a hearing on the issue of fees and determined that experienced partners would receive $280 per hour, associate attorneys $220 per hour and paralegals $100 per hour. This was a reduction of approximately 27% in the hourly rates requested. The partners were requesting $385 to $435 per hour, associates were requesting $260 to $280 per hour, paralegals were requesting $160 to $195 per hour.   Total fees were reduced by $167,564 in the two cases.

Judge Pappas determined the applicable market for determining reasonable hourly fees was the District of Idaho, not just the Boise market area.[1] Judge Pappas determined

---

[1] The Court finds the market area defined as the District of Idaho was basically conceded by the Law Firm during the hearing and when the Law Firm presented hourly rates for attorneys involved in Eastern Idaho bankruptcy cases for consideration by the

MEMORANDUM DECISION AND ORDER 2

the applicable range of hourly rates for attorneys within the District for bankruptcy cases was between $200 and $450. In considering the factors set forth in 11 U.S.C. § 330(a)(3), Judge Pappas acknowledged that the court should consider the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

The Law Firm argues the Bankruptcy Court errored in awarding fees under the principle of "economy of administration," not giving adequate consideration to hourly rates approved in the District of Idaho for non-bankruptcy cases, and erroneously applying the law regarding "reasonable billing judgment."

The Appellee Oversight Committee Under Confirmed Plan of Liquidation ("Oversight Committee) for the Growth Fund responded to the appeal by the Law Firm. The oversight committee for the Northwest Fund did not file a brief in the appeal. However, the Court finds the arguments of the Oversight Committee for the Growth Fund apply equally to the Northwest Fund. The Oversight Committee argues the Bankruptcy Court properly exercised its discretion in applying the factors of § 330(a)(3) in determining the appropriate attorney and paralegal fees to be awarded.

---

Bankruptcy Court in these chapter 11 cases. This market area determination is not clearly erroneous or an abuse of discretion and the Court declines to address the Law Firm's new argument that the relevant market should be limited to the Boise area.

MEMORANDUM DECISION AND ORDER 3

## JURISDICTION

The District Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's fee determination for erroneous application of the law or abuse of discretion. *Ford v. Baroff (In re Ford)*, 105 F.3d 439, 441 (9th Cir. 1997). '[A]n inaccurate view of the law" can lead to an erroneous application of the law. *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996). An abuse of discretion occurs if a trial court makes a clearly erroneous finding of fact." *Escobar v. Bowen*, 857 F.2d 644, 645,n.1 (9th Cir. 1988).

## ANALYSIS

The Bankruptcy Court has a duty to review debtor's requested attorney fees in a chapter 11 bankruptcy and to determine reasonable compensation. The Bankruptcy Court may award compensation that is less than the amount of compensation requested. 11 U.S.C. § 330(a)(2). Compensation awarded under § 330(a) is an administrative expense which is paid out of the assets of the bankruptcy estate before the claims of most unsecured creditors. 11 U.S.C. §§ 503(b), 507(a). Therefore, the award of attorney fees undeniably reduces the assets in the estate available to be paid to creditors. This is not to say that such professional fees are not justified nor entitled to a priority of payment. Instead, the incurrence of reasonable professional fees is critical to presenting a plan for

MEMORANDUM DECISION AND ORDER 4

confirmation. It simply highlights the competing interests that exist in a bankruptcy case that do not exist in other types of litigation.

In this case, Judge Pappas found all of the hours requested were reasonable based on the services provided. Judge Pappas did note that these two cases were not extremely complex in nature and were essentially liquidation cases from the outset versus chapter 11 cases involving reorganization and restructuring. The cases did involve significant professional hours for the numerous legal issues presented, but the nature of these two chapter 11 cases was primarily focused on the distribution of monies after liquidation and the legal issues were not considered complex by the Bankruptcy Court.

The applicable law for determining the amount of reasonable compensation is set forth in § 330(a)(3) which provides the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including--

> (A)   the time spent on such services;
> (B)   the rates charged for such services;
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparatively skilled practitioners in cases other than cases under this title.

Judge Pappas acknowledged on the record that in certain bankruptcy cases, attorneys had been awarded up to $450 per hour. Judge Pappas also noted that he was

MEMORANDUM DECISION AND ORDER 5

aware of attorneys being awarded at higher hourly rates in civil cases in the District of Idaho and had considered the rates of comparatively skilled practitioners in cases other than bankruptcy cases.

On appeal, it is not this Court's job to determine if it would have awarded the same hourly rates as the Bankruptcy Court. Instead, this Court is charged with determining if the Bankruptcy Court erred in applying the law when exercising its discretion in determining the amount of reasonable compensation to be awarded in these bankruptcy cases. The Court finds the Bankruptcy Court did not erroneously apply the law and did not abuse its discretion in determining the applicable hourly rates in this case.

First, the Bankruptcy Court did not apply an "economy of administration" analysis in determining the hourly rate. The Bankruptcy Court did consider the nature, extent and value of services under the particular facts and found it to be different than a restructuring chapter 11 or a chapter 11 case wherein the size of the bankruptcy estate presented more complexities than in the case at bar. The Bankruptcy Court did not find the hourly rates should be reduced merely because of the size of the bankruptcy estates at issue, but instead analyzed the nature of the legal issues presented in these two specific chapter 11 cases. The Court found the requested services and time were necessary, but the legal issues were not necessarily complex. The analysis was not an "economy of administration" analysis, but an analysis of the overall nature and complexity of the particular chapter 11 cases. The nature of the case and the extent of the services is a judgment call by the Court and such a finding does not appear to be an error in applying the law or an abuse of the Court's discretion.

MEMORANDUM DECISION AND ORDER 6

Second, the Law Firm argues the Bankruptcy Court errored in not considering the rates charged in comparative non-bankruptcy cases under § 330(a)(3)(F). The Court respectfully disagrees with this conclusion based on a review of the transcript from the hearing. While arguably, the Bankruptcy Court did not place as much weight as the Law Firm would like on this factor, the Bankruptcy Court considered hourly rates outside bankruptcy cases in determining a reasonable hourly rate in the chapter 11 cases. The statute does not require that this factor be given any more or less weight than the other factors listed in the statute or the consideration of the "nature, extent and value of services" provided.

Attorney fee awards are made on a case by case basis. Section 330(a)(3)(B) sets forth the "rates charged" are a factor to be considered. Reasonableness of the overall hours and time spent on specific issues are other factors. Another factor to be considered is the customary compensation charged by comparatively skilled practitioners in non-bankruptcy cases. The Court finds the limited cases cited by the Law Firm are not indicative of average attorney fee awards in the District of Idaho. Some of the cited cases involve plaintiff's attorneys in contingent fee civil rights cases which skew the hourly rate. The hourly rates approved in such cases are impacted by the risk to the attorney and the limited number of attorneys willing to take such cases. Class action lawsuits normally involve some counsel outside the state of Idaho who bill at substantially higher rates than Idaho attorneys. Criminal defense attorneys on the District of Idaho's CJA panel are only paid $129 per hour regardless of their experience level. It has been this Court experience that insurance defense attorneys who successfully defend cases are normally

MEMORANDUM DECISION AND ORDER 7

compensated at lower hourly rates even though they are highly skilled.  It is simply unfair and imprecise to cite a few cases where civil attorneys have been awarded hourly rates higher than $280 awarded by the Bankruptcy Court as persuasive support that a higher hourly rate is justified in the specific cases on appeal in this matter. It has been this Court's experience there is always an attorney who will attest that another attorney's hourly rate is reasonable. Instead, this Court, like the Bankruptcy Court, is entitled to rely on its years on the bench and familiarity with thousands of cases in evaluating what is a reasonable hourly rate for the services provided in a particular case in the District of Idaho.

The role of the attorney in these cases is representing debtors in a chapter 11 bankruptcy. The attorney knows that professional fees are considered administrative fees subject to reimbursement ahead of most unsecured creditors. This is a different situation than a plaintiff's attorney in a civil suit taking a civil rights case on a contingent fee arrangement. While both cases may involve skilled attorneys, the likelihood of being paid for services provided is completely different. The hourly rate approved should reflect comparative skills as well as "customary" compensation and should not be limited to comparing the customary charges in a few isolated examples of civil cases. Moreover, just because a debtor agrees to an attorney's hourly rate does not mean that is the customary rate charged for such services. The Court acknowledges in its experience that larger regional law firms appear to charge clients higher hourly rates than other smaller or sole practitioners. But merely charging a rate does not make such a rate a customary

MEMORANDUM DECISION AND ORDER 8

rate.[2] Here, the Bankruptcy Court applied all the factors of § 330(a)(3) and in its discretion determined the appropriated reasonable hourly rates.[3] The argument the Bankruptcy Court did not apply § 330(a)(3)(F) is rejected.

Third, the Law Firm argues the Bankruptcy Court erroneously applied the law regarding "reasonable billing judgment." The Law Firm admits the Bankruptcy Court accurately summarized the case law holding that an applicant under § 330 must show they have exercised reasonable billing judgment by establishing the attorney did not engage in excessive legal services in relation to the size of the estate and maximum probability of recovery.  See *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955 (9th Cir. 1991) and *Ferrett & Slater v. United States Trustee (In Re Garcia)*, 335 F.R. 717 (9th Cir. BAP 2005).  The Law Firm claims the Bankruptcy Court relied on these cited cases to support reducing the hourly rate when cited cases should

---

[2] In fact, this Court recently approved an uncontested award of attorney fees in a bankruptcy appeal and the hourly rates submitted by three experienced District of Idaho bankruptcy attorneys were $220 to $225 per hour in the Boise area. See *In Re Ricks*, Civil Case 1:15cr00504.

[3] The Court notes that debtors have some discretion in selecting providers of professional services. However, the costs of presenting a plan for confirmation are subject to review and approval by the Bankruptcy Court. If an attorney wants to know where the Bankruptcy Court stands on appropriate hourly professional fees before taking a case, then that attorney should consider the customary fees approved in the District of Idaho when agreeing to provide professional services. This Court finds the customary fees approved by the Bankruptcy Court are not unreasonable as there is a large market of experienced bankruptcy attorneys who regularly provide services to debtors at less than the requested hourly rates in this case.

MEMORANDUM DECISION AND ORDER 9

only be relied on in cases where the number of hours was determined to have been unreasonable.

The Court finds this argument to be unpersuasive and too restrictive of a reading of the cited cases. While the requested hours were not reduced by the Bankruptcy Court, the court could consider one of the reasonable billing judgment factors set forth in *Garcia* as it relates to its analysis of an appropriate hourly rate. The Bankruptcy Court determined the first factor of probable cost of legal services in relation to the size of the estate and maximum possible recovery is relevant when setting an hourly rate. Again this factor goes to the § 330(a)(3)'s requirement of consideration of the "nature, extent and value of such services." The Bankruptcy Court noted higher hourly rates have been approved in larger bankruptcy estate cases, but that these two chapter 11 cases did not present similar legal issues or complexities. This is not an error in applying the case law or an abuse of discretion to consider the overall size and complexity of a case in determining a reasonable hourly rate.

Fourth, in considering the paralegal fees, this Court finds the reduced rates for paralegals are also appropriate. Paralegals do not have the legal skills of an attorney and the rates requested do not appear to be reasonable. The hourly rate of $100 for a paralegal is within the range of charges regularly approved for paralegals in bankruptcy cases and civil matters in the District of Idaho.[4]

---

[4] The Court notes in CJA criminal cases, the Court awards a much lower hourly rate for paralegal services

MEMORANDUM DECISION AND ORDER 10

Fifth, in considering the Law Firm's arguments separately and collectively, the Court finds the appeals must be denied. The Bankruptcy Court did not erroneously apply the law. The Court is satisfied the Bankruptcy Court considered and applied *all* the § 330(a)(3) factors in determining reasonable hourly rates for these particular cases. Further, the Bankruptcy Court did not abuse its discretion in determining the range of hourly fees is between $200 and $450 in the District of Idaho and that appropriate fees for this case would be $280 for a partner, $220 for an associate, and $100 for a paralegal.

## ORDER

**IT IS ORDERED:**

1. The Bankruptcy Court's Award of Attorney Fees in the two chapter 11 cases is **AFFIRMED**. No fees or costs are awarded on appeal.

2. This case, along with the member case, shall be deemed closed.

DATED: February 16, 2017

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER 11